# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2022-0212, <u>State of New Hampshire v. Angel L. Rivera</u>, the court on February 28, 2024, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, has considered the oral arguments of the parties, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The defendant, Angel L. Rivera, appeals his conviction on one count of criminal threatening with a firearm. <u>See</u> RSA 631:4, I(a) (2016); RSA 625:11, V (2016). He argues that the Trial Court (<u>Ruoff</u>, J.) erred in denying his motion for judgment notwithstanding the verdict (JNOV). We affirm.

The following evidence was presented to the jury. In July 2020, the defendant was living in a house with his friend, his friend's wife, and their teenage daughter, O.[1] On the day of the incident at issue in this case, O was allowed to have three female friends over for a sleepover. After O's parents and the defendant were asleep, the girls decided to sneak two male friends, L.S. and J.L., into the house. They entered through the front door of the house and went upstairs to O's bedroom, which was located next to the defendant's. Two of the girls, H and V, then left the bedroom to get snacks from the kitchen where they encountered the defendant. V returned to O's bedroom to warn everyone that the defendant was awake and in the kitchen. The defendant testified that V and H followed him back to his bedroom, "kind of, you know, corralling me into my bedroom." H and V had used the defendant's virtual reality setup with the defendant earlier on the same day in his room, so when H asked whether he had any snacks in his room, he became suspicious. At about this same time, the defendant heard a loud thud against his bedroom wall and a male voice coming from O's bedroom on the other side of the wall. The defendant was aware that some of the girls had been communicating with adult males online. Not knowing who was in O's room, the defendant grabbed his inoperable antique pistol and headed to O's room to "make sure there wasn't anything extreme happening."

There, the defendant found J.L. and L.S. hiding under a bed; L.S. was only partially under it. Holding his gun, the defendant ordered both boys out and led them out of the bedroom and out of the house.

---

[1] Six juveniles testified at trial. Two have the same initials. The indictments identified the boys by their first and last initials. To avoid confusion, we identify the girls by their first initials and identify the boys by both first and last initials as reflected in the indictments.

The defendant was subsequently indicted on five charges: (1) criminal threatening, which alleged that he pointed a firearm at J.L and L.S. as he walked them out of the house; (2) a lesser-included offense that charged that he pointed an object that appeared to be a firearm at J.L. and L.S. as he walked them out of the house; (3) criminal threatening, which alleged that he pointed a firearm at J.L. and L.S. and told them to "get out" or words to that effect; (4) a lesser-included offense that he pointed an object that appeared to be a firearm at J.L. and L.S. and told them to "get out" or words to that effect; and (5) witness tampering. He was found not guilty on four charges but convicted on the criminal threatening charge based on his pointing a firearm at J.L and L.S. and telling them to get out.

The defendant filed a motion to set aside the verdict and for JNOV, contending that the verdict was not supported by sufficient evidence and was against the weight of the evidence.[2] The trial court denied the motion. This appeal followed.

As a preliminary matter, we note that at oral argument, defense counsel argued that the criminal threatening charge on which he was acquitted must be different from the charge on which he was convicted. The jury found the defendant guilty on Charge ID number 1802319C, which alleged that the defendant "purposely by physical conduct, placed or attempted to place J.L. and L.S. in fear of imminent bodily injury or physical contact in that he pointed a firearm at them and told them to get out, or words to that effect. Said firearm being a deadly weapon . . . ." The jury found the defendant not guilty on Charge ID number 1948959C, which alleged that the defendant committed criminal threatening by "purposely by physical conduct, placed or attempted to place J.L. and L.S. in fear of imminent bodily injury or physical contact. In that Rivera pointed a firearm at J.L. and L.S. as he walked them out of the house. Said firearm being a deadly weapon . . . ." We conclude that the jury could have rationally found that the State failed to prove that the defendant pointed a firearm at the boys as he walked them out of the house, while also finding that the State did prove that the defendant pointed a firearm at the boys and told them to get out, or words to that effect. The defendant testified that he walked the boys "out of [the] bedroom, into the hallway, through the hallway, into the living room. Through our living room. Into our kitchen. Through our kitchen. Out of the back door that was nearest to the bathroom. Onto our back deck." The defendant's acquittal of pointing the firearm at the boys "as he walked them

---

[2] At trial the defendant argued in the alternative that the verdict was against the weight of the evidence. Although on appeal he has set forth the standard to be applied in considering this argument, he has not presented a separate argument applying it. Accordingly, we address only his arguments that the State "failed to present sufficient evidence as a matter of law," asking this court "to enter an acquittal" on the indictment upon which he was convicted.

out of the house" is not inconsistent with a guilty verdict for pointing a firearm at the boys, which the jury could have found occurred in the bedroom, and telling them to get out.  Moreover, even if we assume inconsistency exists between the two verdicts, "the inconsistency of simultaneous jury verdicts against a single defendant on a multiple-count criminal indictment need not be rationally reconciled, and does not entitle the defendant to relief."  State v. Littlefield, 152 N.H. 331, 354 (2005) (quotation omitted).

Turning to the indictment upon which the defendant was convicted, we note that the trial court, in response to a jury question, instructed the jury that the State had to prove "that the defendant pointed the firearm at both J.L. and L.S."  While conceding that the evidence supported an inference that he pointed the gun at L.S., the defendant argues that there was insufficient evidence that he pointed the gun at J.L.  In addition, he contends that the State had to prove that he told the boys to get out while pointing the gun at both boys, but that the State failed to do so.

We begin with the defendant's argument that the indictment required the State to prove that he told the boys to get out, or words to that effect, while pointing the firearm at them.  The indictment does not so allege.  Rather, it alleges that the defendant pointed a firearm at them and told them to get out.  Cf. State v. Bird, 161 N.H. 31, 37-38 (2010) (criminal threatening indictment alleged that defendant waved a forty-five caliber handgun at the victim "while telling [the victim] to get off of his property").  The defendant cites no authority for his contention that the indictment's language required the State to prove that he simultaneously pointed the firearm at the boys while telling them to get out.  Accordingly, we are not persuaded by this argument.

We next address the defendant's challenge to the sufficiency of the evidence.

A challenge to the sufficiency of the evidence raises a claim of legal error; therefore, our standard of review is de novo.  To prevail upon a challenge to the sufficiency of the evidence, the defendant must prove that no rational trier of fact, viewing all of the evidence and all reasonable inferences from it in the light most favorable to the State, could have found guilt beyond a reasonable doubt.

State v. Bell, 175 N.H. 382, 385 (2022) (quotations omitted).  As noted above, the defendant concedes that the evidence supports a finding that he pointed the gun at L.S.  In addition, the defendant testified that he told the boys in the bedroom to get out.  Accordingly, we confine our analysis to the sufficiency of the evidence that the defendant pointed the firearm at J.L.

At trial, three witnesses testified that the defendant pointed the gun at the boys.  O testified that as the defendant walked the boys out of the bedroom, he

3

did so with the gun "pointed at their backs." V testified that the defendant "walked them out [of the bedroom] with the gun still pointed at them." H testified that the defendant walked them out of the room with the gun "[s]till pointing at them."

The defendant argues that none of the witnesses testified "without equivocation" that he pointed the gun at J.L. However, the existence of any inconsistencies in the witnesses' testimony was a factor for the jury to consider in assessing their credibility. See State v. Carr, 167 N.H. 264, 275 (2015). "The jury is free to accept or reject any portion of a witness's testimony and to resolve any conflicts in testimony. Credibility determinations are within the sole province of the jury and will be upheld on appeal unless no rational trier of fact could have reached the same conclusion." Id. (quotations omitted). We agree with the State that the testimony of O, V, and H, together with all reasonable inferences in the State's favor, sufficed to support a finding that the defendant pointed the firearm at J.L. in the bedroom and told the boys to get out. Accordingly, we affirm.

<u>Affirmed</u>.

MACDONALD, C.J., and BASSETT, HANTZ MARCONI, and DONOVAN, JJ., concurred; HICKS, J., sat for oral argument but did not participate in the final vote, see N.H. CONST. pt. II, art. 78.

**Timothy A. Gudas,**
**Clerk**